UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TASHA FINLEY CRAWFORD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 2:10 cv 24 |
| ) | |
| BIOLIFE PLASMA SERVICES LP dba ) | |
| Biolife Plasma Services ) | |
| ) | |
| Defendant ) | |

## OPINION AND ORDER

This matter is before the court on the Motion to Compel Production of Expert Opinion from Non-Party Dr. Roger Thomas [DE 33] filed by the plaintiff, Tasha Finley Crawford, on April 7, 2011. For the following reasons, the motion is DENIED.

### Background

The plaintiff, Tasha Finley Crawford, was treated by Dr. Roger Thomas at Orthopaedics Northeast for injuries she sustained in the slip and fall incident that is the subject of this cause of action. Crawford's attorney sent Dr. Thomas a request for the production of medical records, a statement of all Dr. Thomas' opinions along with an explanation of their factual basis, and a list of all his publications and cases in which he testified as an expert witness. Dr. Thomas provided Crawford's counsel with the medical records, but he did not provide a statement of opinions or a list of publications and cases in which he has been

involved.  Dr. Thomas informed Crawford's counsel that he declined to testify as an expert witness for Crawford.  In response, Crawford mailed a request for production of documents and a subpoena duces tecum to Dr. Thomas requesting the same.  Dr. Thomas again replied that he refused to serve as an expert witness and that he already had produced the physical documentation in his possession.  Crawford now moves the court for an order compelling Dr. Thomas to provide a complete statement of all opinions and the basis of such opinions so that she may provide the court with her expert disclosures and reports in compliance with Federal Rule of Civil Procedure 26.

## Discussion

Federal Rule of Civil Procedure 26(a)(2) governs expert disclosures and reports and states in relevant part:

> (A) In General.  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) Written Report.  Unless otherwise stipulated or ordered by the court, [expert disclosures] must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Rule 26(a)(2)(B) defines an expert witness as "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." See also, Meyers v. National R.R. Passenger Corp., 619 F.3d 729, 734 (7th Cir. 2010); Musser v. Gentiva Health Services, 356 F.3d 751, 757 (7th Cir. 2004).

"All witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)" while "only those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." Banister v. Burton, 636 F.3d 828, 833 (7th Cir. 2011) (citing Musser, 356 F.3d at 756-57); Rule 26(a)(2)(C). The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony, so the opposing party may form an appropriate response. Meyers, 619 F.3d at 734; Musser, 356 F.3d at 757-58. The conse-

3

quence of non-compliance with Rule 26(a)(2)(B) is "exclusion of an expert's testimony . . . 'unless the failure was substantially justified or is harmless.'" Meyers, 619 F.3d at 734 (citing Gicla v. United States, 572 F.3d 407, 410 (7th Cir. 2009)(quoting Federal Rule of Civil Procedure 37(c)(1)).

A treating physician is an expert witness when he testifies about opinions formed during or after treatment of the patient. Musser, 356 F.3d at 757 n.2; Meyers, 619 F.3d at 734-35. This is because such opinions are based on scientific, technical, or other specialized knowledge. However, not every treating physician is required to provide an expert report. Rule 26(a)(2)(B)-(C); Musser, 356 F.3d at 758 n.3 ("We need not reach the disputed issue of whether an individual who serves in the capacity of 'treating physician' (or any analogous position) may nonetheless be required to submit a report under Rule 26(a)(2)(B)."). Whether an expert report is necessary is dictated by the nature of the treating physician's intended testimony. Musser, 356 F.3d at 758, n.3.

Prior to the 2010 amendment to Rule 26, it generally was agreed that a treating physician who testified about his observations during treatment was not required to file an expert report. See, e.g., Zarecki v. Nat'l R.R. Passenger Corp., 914 F.Supp. 1566, 1573 (N.D. Ill. 1996); Krischel v. Hennessy, 533 F.Supp.2d

790, 795 (N.D. Ill. 2008)("When a treating physician limits his testimony to his observation, diagnosis and treatment, there is no need for a Rule 26(a)(2)(B) report."); Fielden v. CSX Transp. Inc., 482 F.3d 866, 870-71 (6th Cir. 2007)(holding that a formal report is not required when determining causation is an integral part of treating a patient). However, the issue became more convoluted where the treating physician intended to introduce evidence concerning the cause of the plaintiff's injuries.[1] Krischel, 553 F.Supp.2d at 796; Meyers, 619 F.3d at 734-35. In Meyers, the court explained that a treating physician may be required to submit an expert report when his testimony exceeded the scope of his observations during treatment. Physicians who intended to offer testimony regarding causation of the plaintiff's injuries went beyond the scope of treatment and were required to submit a complete expert report. The Meyers court explained that the determining factor was whether the physician determined the cause of the individual's injuries during or after treatment. Meyers, 619 F.3d at 734-35. ("[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in

---

[1] A similar question often arises when the treating physician is asked to give an opinion on whether the injuries are temporary or permanent.

the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2).").

After Meyers was decided, Rule 26 was amended effective December 2010, to resolve the tension that led some courts to require expert reports from non-retained experts. The amendments did not alter who was required to file an expert report under the rule and still explains that an expert "retained or specially employed" must submit a complete expert report. Rule 26(a)(2)(B). However, subpart C was added mandating summary disclosures, in place of complete expert reports, of the opinions to be offered by expert witnesses who were not retained or specially employed to give expert testimony. Rule 26(a)(2)(C). The Committee Notes explain that common examples of experts required to submit summary disclosures include physicians or other health care professionals. Rule 26 (Committee Notes, 2010 amendments). The amendment attempts to clarify the distinction between an expert retained for the purpose of providing expert testimony and non-retained experts. See Rule 26(a)(2)(C) & Committee Notes (stating that non-retained witnesses must provide "a summary of the facts and opinions to which the witness is expected to testify."); Crabbs v. Wal-Mart Stores, Inc., 2011 WL 499141, *1 (S.D. Ind. Feb. 4, 2011)(explaining amendments to Rule 26 to determine if treating physician must provide an expert report).

Musser defined treating physicians as experts because their testimony involves specialized skill and knowledge. Although the extent of Dr. Thomas' opinions may dictate whether a complete expert report or summary disclosure is required, Crawford must, at minimum, disclose the subject matter, facts, and opinions to which Dr. Thomas is expected to testify. Rule 26(a)(2)(B)-(C). Although Dr. Thomas provided Crawford with the medical records he had in his possession, Crawford represents that a statement of Dr. Thomas' opinions is necessary to comply with the expert reporting requirement. To determine whether Dr. Thomas must provide the requested information, the court first must consider whether Dr. Thomas can be compelled to testify as an expert, and if so, whether the court can require him to produce materials not currently in existence that he would be required to create.

Federal Rule of Civil Procedure 45 provides a mechanism for compelling non-parties to provide documents or testimony. Expeditors International of Washington, Inc. v. Vastera, Inc., 2004 WL 406999, *3 (N.D. Ill. Feb. 26, 2004) ("[A] subpoena duces tecum issued pursuant to Rule 45 is an appropriate discovery mechanism against nonparties such as a party's expert witness") (citing Rule 34(c)) ("A person not a party to the action may be compelled to produce documents and things . . . as provided in Rule 45")). A party may request production of documents or

testimony of non-parties by serving a subpoena duces tecum on the non-party. Rule 45; Vastera, 2004 WL 406999 at *3. Under Rule 45, "a court does have the power to subpoena an expert witness and, though it cannot require him to conduct any examinations or experiments to prepare himself for trial, it can require him to state whatever opinions he may have previously formed." Carter-Wallace, Inc. v. Otte, 474 F.2d 529, 536 (2nd Cir. 1973); United States v. 284,392 Square Feet of Floor Space, 203 F.Supp. 75, 77 (E.D.N.Y. 1962). See 4 Moore, Federal Practice ¶26.66, at 26-469 (1972). The courts tend to disfavor compelling expert testimony except in cases where the expert previously has provided opinions during the course of litigation. Carter-Wallace, 474 F.2d at 536; Berk v. St. Vincent's Hospital and Medical Center, 380 F.Supp.2d 334, 349 (S.D.N.Y. 2005) (explaining that a treating physician who became uncooperative may be subpoenaed to testify as a fact witness and could be compelled to give his earlier expert findings at trial).

The compulsion of expert testimony can be regarded as the taking of intellectual property. Rule 45 (Committee Notes, 1991 Amendments). In exercising its discretion to compel a doctor to provide an expert opinion, the court should consider: "the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion

testimony; the difference between testifying to a previously formed or expressed opinion and forming a new one; the possibility that, for other reasons, the witness is a unique expert; the extent to which the calling party is able to show the unlikelihood that any comparable witness will willingly testify; the degree to which the witness is able to show that he has been oppressed by having continually to testify; and, undoubtedly, many others."  Kaufman v. Edelstein, 539 F.2d 811, 822 (2nd Cir. 1976); Rule 45 (Committee Notes, 1991 Amendments).  See generally, Wright v. Jeep Corp., 547 F.Supp. 871, 874 (E.D. Mich. 1982) (explaining that researcher was required to provide evidence because of the high probability the results of his research would be used at trial and the material requested was relevant for assessment and validity of the conclusions he drew).

    Crawford has provided little insight for the court to determine whether Dr. Thomas' proposed expert testimony is necessary to presenting her case.  However, it is apparent that Dr. Thomas has first hand knowledge of Crawford's injuries and treatment and that such information could not be sought from a different expert witness.  Dr. Thomas treated Crawford for her injuries related to the incident and presumably is being called to testify to the facts relevant to the case, rather than to give expert testimony. Although Crawford has provided no reason for the court to compel

Dr. Thomas to give testimony extending beyond his observations and opinions formed during treatment, given his involvement with Crawford, Dr. Thomas may be subpoenaed to testify to his observations and opinions formed during the course of treating Crawford. See e.g., Berk, 380 F.Supp.2d at 349 (finding that a treating physician who had become an uncooperative expert witness might still be subpoenaed to testify as a fact witness in a medical malpractice trial concerning treatment he gave to the plaintiff and could be compelled to relate his earlier expert findings at trial).

Even though Dr. Thomas' testimony may be limited to his first hand factual knowledge, Crawford retains an obligation to provide summary disclosures of any facts and opinions formed during treatment to which Dr. Thomas may testify. Rule 26(a)(2)(C). Crawford represents that she needs the requested information to comply with this obligation. Documents may be compelled from non-parties under Rule 45. However, Rule 45 must not be used to circumvent the rules of discovery, and must comply with the limitations set forth by the discovery rules. Rule 26(b)(4) permits "discovery of facts known and opinions held by experts . . . acquired or developed in anticipation of litigation or for trial." "The scope of expert discovery has been described as being limited to 'materials possessed by an expert and related

to the case at hand.'" Quaile v. Carol Cable Co., 1992 WL 277981, *2 (E.D. Pa. Oct. 5, 1992) (citing In Re Air Crash Disaster At Stapleton Intern., 720 F.Supp. 1442, 1444 (D. Colo. 1988)). The power to subpoena documents from non-parties during discovery is limited to records that already exist and are within the non-party's possession. Insituform Technologies, Inc. v. Cat Contracting, Inc., 168 F.R.D. 630, 633 (N.D. Ill. 1996). A party cannot subpoena a non-party to create documents that are not currently in existence. Insituform Technologies, 168 F.R.D. at 633.

Dr. Thomas stated in his correspondence with Crawford's counsel that he has provided the documents within his possession. Therefore, Dr. Thomas would have to create a document stating his opinions and giving their basis to comply with an order granting Crawford's motion. Because Rule 45 does not contemplate compelling a non-party to create a document not currently in existence, the court DENIES Crawford's motion to compel production of a statement from Dr. Thomas explaining his opinions and the basis on which they were formed. Although Crawford must submit a disclosure statement explaining Dr. Thomas' proposed testimony and opinions he may offer relating to the treatment he provided Crawford, there are other tools of discovery Crawford may employ to obtain the necessary information. Furthermore, even if Dr.

Thomas could be compelled to produce the requested document, Crawford has failed to show why the requested information is necessary and unavailable from the medical records Dr. Thomas provided, and therefore, has not satisfied her burden to compel production.

_____

Based on the foregoing reasons, the Motion to Compel Production of Expert Opinion from Non-Party Dr. Roger Thomas [DE 33] filed by the plaintiff, Tasha Finley Crawford, on April 7, 2011, is DENIED.

ENTERED this 3rd day of June, 2011

                                    s/ ANDREW P. RODOVICH
                                       United States Magistrate Judge